Howell, J.
The relator, J. B. Michond, avers that the Judge of the Fourth District Court of New Orleans has exceeded his jurisdiction in taking cognizance of a suit instituted against him, as universal legatee of A. Michond, who died on 22d July, 1862, by D. J. Farrar and others, as holders and owners of a certain instrument under private signature,, executed and signed by said A. Michond, in the words and figures following, to-wit: ,
“Nouvelle Orléans, le 1st Juin, 1862,-
Bon pour dix mille piastres, payables cinq ans apres ma mort.
Mille piastres á D. J. Farrar.
Mille piastres a Leopold Guichard.
Trois mille piastres & mon bon ami, Joseph Girod.
Deux mille piastres a Camille Guiilet.
Deux mille piastres á NelvU Soulé.
Et mille piastres a la Société Francaise.
(Signed) Antonie Michond.”.
Which instrument, the relator avers, is on its face an olographic will, and that the said Fourth District Court is without jurisdiction, roPone materice¡ to probate and order the execution of the same; that by law the Second District Court of New Orleans is vested with jurisdiction of probate *240 matters, where plaintiffs in said suit should have resorted to have said instrument probated and executed as a will; that he excepted to the jurisdiction of the said Fourth District Court, but his exception was overruled, and he w'as ordered to answer to the merits, and he prays for a writ of prohibition. In answer' to the writ, the Judge pleads a peremptory exception, that the writ of prohibition cannot be allowed in this case, as the relator has a remedy by appeal, and for answer says, that the suit is an ordinary action, -the allegations of the petition showing that the defendant therein is indebted to the petitioners in a certain sum of money, duo at a date cer ain, and evidenced by a private writing duly signed; that no allegation is made that the instrument sued on is entirely written, dated and signed by the testator; that he is not asked to probate a will; that the defendant may, in his defence, set up such matters as may defeat the action, or require a transfer of the cause to another tribunal; and that the defendant, having unconditionally accepted the succession of the deceased, it is unnecessary to probate the document sued on.
In our opinoin, where it clearly appears that a Judge is exceeding his jurisdiction, or is without jurisdiction, the writ of prohibition may issue to restrain him, and that the complaining defendant should not be required to await an expensive and vexatious litigation, in order to obtain relief by appeal. This writ is intended to protect a party from a usurped jurisdiction. C. P. 846. But in this instance, we do not think the nature of tho action against the relator is shown to be such as to require tire interposition of the writ. , The plaintiffs in the action have not applied to tho Fourth District Court to entertain a probate cause, and enforce legacies made to them; but they declare the defendant to be indebted to them, on what they present as a written acknowledgment of indebtedness, and we do not consider that we can, in this proceeding, properly determine whether the said document is a will or not, or that it is necessary to do so, in order to dispose of this application. It may be, that the plaintiffs will make out their case, and under the proper issues, show that the written instrument is the evidence of obligations assumed in their favor by the deceased, or that the defendant will be able to show that no causo or consideration ever existed. These are matters which belong to the merits of the action, and which cannot now be determined. Suffice it that a prima facie case of jurisdiction is presented.
We are.not prepared, with the pleadings before ns, to say that the instrument is, on its face, a will, although it may be shown to be. We do not think it is shown that the Fourth District Court is assuming to exercise strictly probate jurisdiction.
It is therefore ordered that the provisional writ issued herein be dissolved and that the relator’s application be refused, with costs.